Dennis Joseph **STRIKER**, Petitioner,

v.

Stanley S. **RESOR**, Secretary of the Army, Respondent.

Civ. No. 1285-67.

United States District Court
D. New Jersey.

Feb. 20, 1968.

Lum, Biunno & Tompkins, Newark, N. J., for petitioner.

David M. Satz, Jr., U. S. Atty., Newark, N. J., by Don Allen Resnikoff, Asst. U. S. Atty., for respondent.

## OPINION

MADDEN, District Judge.

This is an application by Dennis J. Striker for a writ of habeas corpus seeking his release from the Army upon the grounds that he was illegally and improperly inducted. The basis for his application is that he was wrongfully classified by Selective Service Board 14 to classification I-A and that in so classifying him the Board acted improperly in three regards: Firstly, that they misinterpreted the regulations of the Selective Service Regulations, to wit, section 1622.30, Sections (a) and (b); [1] secondly, that they did not give proper consideration under the regulations to his request for deferment as working in a necessary industry for the common defense; and, third, that they never gave to the registrant-applicant herein appropriate instructions for appeal, either appeal from their classification or appeal by the employer from their classification.

Upon filing the application, the Court fixed a hearing date and hearing has been held, the petitioner being represented by counsel and the respondent being represented by the United States Attorney's Office through its assistant, Don Allen Resnikoff, Esquire. Both counsel filed briefs with the Court, in addition to the introduction of testimony. There is no great dispute of facts.

The petitioner is married and has three young children. Petitioner and his wife are separated; the children living with the mother and the petitioner pays them $60.00 a week under a New Jersey Court support order. The wife testified (and also appeared before the Board) that the induction of petitioner would work an economic hardship upon her as she could not support herself and the

---

[1] "§ 1622.30 Class III-A: Registrant with a child or children; and registrant deferred by reason of extreme hardship to dependents.

"(a) In Class III-A shall be placed any registrant who has a child or children with whom he maintains a bona fide family relationship in their home and who is not a physician, dentist or veterinarian, or who is not in an allied specialist category which may be announced by the Director of Selective Service after being advised by the Secretary of Defense that a special requisition under authority of section 1631.4 of these regulations will be issued for the delivery of registrants in such category.

"(b) In Class III-A shall be placed any registrant whose induction into the armed forces would result in extreme hardship (1) to his wife, divorced wife, child, parent, grandparent, brother, or sister who is dependent upon him for support, or (2) to a person under 18 years of age or a person of any age who is physically or mentally handicapped whose support the registrant has assumed in good faith: Provided, That a person shall be considered to be a dependent of a registrant under this paragraph only when such person is either a citizen of the United States or lives in the United States, its Territories, or possessions.

three young children upon her husband's Army allotment even if it was supplemented by the State of New Jersey welfare program. One Board member replied with the suggestion that she go home with her mother (who had an apartment but also had a son living with her there).

At the outset the Court wants to make it clear that any comment made during this Opinion hereafter is not to be considered as being critical of the Local Board in their actions. At the most the Court finds the possibility that the Board did not properly interpret Selective Service Regulation 1622.30 and give the benefits thereunder to the registrant. The Court during the course of the hearing became thoroughly convinced that the Board was a group of dedicated, sincere, patriotic individuals. They were not lawyers, they were not interpreters in a strict sense of the law although called upon to interpret and enforce the regulations which have the force of law, and, consequently, one can see how while in the performance of their difficult duties of providing sufficient men for the Armed Forces and the difficult task that faces them therein that such interpretation could be wrongfully made.

It is my opinion that the Court must issue a writ of habeas corpus calling for the release of this registrant from the Army as a result of an illegal classification and induction. The Court reaches this conclusion because of three reasons:

First: The Board misinterpreted the meaning of the Selective Service Regulation 1622.30, supra. The Clerk of the Board, Mildred Freer, testified that the Board gave no consideration to the facts of each particular matter, but interpreted such regulation to mean that any registrant separated from his wife must be placed in I-A regardless of the fact that the registrant may be providing support for the wife and children and his induction may mean a hardship upon either the wife or children economically. Consequently, when the petitioner appeared before the Board they were in the frame of mind that they had no discretion in the matter and he did not get a fair hearing.

The Clerk of the Board also testified that even though the facts disclosed that the wife had put the husband out at the point of a gun, that if he was not living in the home with the wife and children the regulations required him being classified by the Board as I-A.

This Court thinks that this is an erroneous interpretation. The Board has the power and should judge each case on its particular facts and make such classification as it thinks proper.

Second: The Board placed in the file of the registrant memoranda noting anonymous telephone calls and messages to the effect that the registrant was living with another woman. While the Clerk of the Board testified that this information was not taken into consideration by the Local Board, she did testify that such memoranda was placed in the file when it was sent to the Appeal Board at State Headquarters and we must presume it was considered by them when such Appeal Board denied the registrant's appeal.

It is not the thought of the Court that the Board should be bound to only receive such information as would be admissible in a court of law in a judicial proceeding; the Board must rely upon their own good judgment as they see fit. However, it certainly casts a shadow on the question of fairness if they would take into consideration information volunteered to them anonymously without any consideration as to veracity. However, if they receive such information and consider it, then the State Appeal Board should know whether or not they gave consideration to anonymous information whatever. On the other hand, as affecting this case, if they did not give consideration to anonymous information it should not have been included in the registrant's file when the file was forwarded to the State Appeal Board. This most likely could

and did seriously affect the judgment of such State Appeal Board.

Third: The record is completely confusing as to what rights were explained to the registrant as to his right of appeal on any classification. This is compounded by the letter in the file under date of June 14, 1967, written by Mrs. Freer, the Clerk of the Board, to the registrant, as follows:

"This is to advise you that an appeal can only be made within (30) days after you receive a I-A Classification.

"Your right to make an appeal has passed."

Thereafter the registrant, with representatives of his employers, appeared before the Board in what they thought was a hearing on his classification, and, if it was, then the registrant would have right to appeal for a period of thirty (30) days after such subsequent classification after the hearing; but, in any event, the duty was incumbent upon the Board to advise the registrant of his rights and this was not done.

■■ It seems to the Court from an examination of the testimony and the record before the Court that at the very least the instructions to the registrant regarding the right of appeal were thoroughly confusing and unclear and, as this Court interprets the regulations, the registrant had a fundamental right to clear and explicit instructions regarding his right to appeal.

As a result of the foregoing, as the Court hereinbefore stated, a writ of habeas corpus shall issue, and, in light of the information that the petitioner has received orders to go to Vietnam on March 8th, upon the issuance of the writ the petitioner, Dennis J. Striker, shall immediately be released from the service.

■ Selective Service Board # 14 retains jurisdiction over the petitioner and such Board is instructed to grant to petitioner and his employer a new hearing upon the facts of the matter.

If the Board sees fit, in its judgment, to classify petitioner III-A they may if they think the facts so warrant. But there is no direction by this Court as to how the Board should exercise its own judgment.

Counsel will prepare an appropriate order.